**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **David Ciraci**<br>533-34th St. NW<br>Canton, OH 44709<br><br>and<br><br>**Carla Grosjean**<br>1816 S Kohler Rd.<br>Orrville, OH 44667<br><br>and<br><br>**Stephanie Crookston**<br>481 Trelake Dr.<br>Canal Fulton, OH 44614<br><br>and<br><br>**Andy Ruegg**<br>15663 Marshallville St.<br>Canal Fulton, OH 44614<br><br>and<br><br>**Megan Morr**<br>7871 Eby Rd.<br>Smithville, OH 44677<br><br>and<br><br>**Christopher Conrad**<br>6536 Smucker Dr.<br>Westfield Center, OH 44251<br><br>and<br><br>**Joseph Adams**<br>29344 Lansing Drive<br>Westlake, OH 44145<br><br>Plaintiffs, | **CASE NO.:**<br><br>**JUDGE:**<br><br>**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**<br><br>**JURY DEMAND ENDORSED HEREON** |

-vs.-

**The J.M. Smucker Company**
One Strawberry Lane
Orville, Ohio 44667

℅ CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 43219

        Defendant.

For their Complaint against Defendant, Plaintiffs state as follows:

## INTRODUCTION

1.  On September 9, 2021, President Biden issued Executive Order 14042 (the "Order").[1]

2.  President Biden's Order, while not mentioning injections, required "parties that contract with the Federal Government to provide adequate COVID-19 safeguards to their workers…" *Id.*

3.  The Order also required that, to the extent permitted by law, all existing and new contracts with the Federal Government, and those of subcontractors, include a clause requiring compliance with the Safer Federal Workforce Task Force (the "Task Force") guidance regarding Covid-19 safeguards.

4.  After President Biden issued the Order, the Task Force issued guidance requiring Covid-19 injections.[2]

5.  Task Force guidance called for federal contractor employees to receive a complete round of Covid-19 injections by January 18, 2022, unless legally entitled to an accommodation for medical or religious reasons.  *Id*, p. 5.

---

[1]  https://www.presidency.ucsb.edu/documents/executive-order-14042-ensuring-adequate-covid-safety-protocols-for-federal-contractors [last accessed 11/16/2021]
[2]  https://www.saferfederalworkforce.gov/downloads/Draft%20contractor%20guidance%20doc_20210922.pdf [last accessed 11/16/2021]

6.  Around the same time the Federal Government co-opted OSHA to issue a rule requiring employers with over 100 employees to require employees to receive experimental Covid-19 injections.

7.  On September 10, 2021, Defendant, The J.M. Smucker Company, informed Defendant's employees that Defendant would require emergency use authorized, non-FDA approved Covid-19 injections as a condition of continued employment. See Exhibit 1, Message from Mark Smucker.

8.  The timing of Defendant's injection mandate, i.e., mandate issued the day after the Order, is not mere coincidence. Prior to issuance of the Federal Government's mandates, Defendant had never mandated any vaccine, injection, or other medical procedure as a condition of employment. While Defendant may claim this is purely an internal company policy, the policy was occasioned by the mandates of the Federal Government and the implicit threats that underly those mandates. Thus, the Federal Government's mandates *provide such significant encouragement* that Defendants' actions regarding the Covid-19 injection mandates and exemptions are deemed in law to be that of the government.  *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

9.  On October 11, 2021, Defendant emailed all employees stating that Defendant's mandate was being implemented due to the "new requirements on COVID-19 workplace safety protocols for federal contractors and subcontractors." See Exhibit 2, Company Communication. This was accompanied by a FAQ specifically referring to the "federal order" several times. See Exhibit 3, "COVID-19 Vaccine Mandate FAQs."

10. As such, Defendants' vaccine mandates are subject to the First Amendment of the U.S. Constitution and 21 U.S.C.§ 360bbb-3 regarding the right to refuse emergency authorized vaccines.

11. Defendants violated the First Amendment, and Plaintiffs' right to bodily autonomy and to decline by denying Plaintiffs' requests for religious exemptions and coercing them to take emergency authorized injections as described below.

12. This suit seeks to remedy Defendants' constitutional and statutory violations, and their discrimination against employees who requested religious accommodations.

13. Rather than complying with their obligations under the First Amendment and the United States Code, Defendants threatened to terminate Plaintiffs, or place them on indefinite unpaid leave if they did not receive a Covid-19 injection.

14. Defendants' constitutional and statutory violations, discrimination and retaliation have left Plaintiffs with the choice of taking the Covid-19 injection at the expense of their religious beliefs and health or losing their jobs.

## JURISDICTION AND VENUE

15. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5 (f)(3).

16. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

17. Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

## PLAINTIFFS

18. David Ciraci is a corporate pilot who has been employed with Defendant for over twelve years. He submitted a request for a religious exemption which Defendant denied. Mr. Ciraci has filed a complaint with the EEOC due to Defendant's actions.

19. Carla Grosjean is an accounts payable specialist who has been employed with Defendant for thirteen years. She submitted a request for a religious exemption which Defendant denied. Ms. Grosjean has filed a complaint with the EEOC due to Defendant's actions.

20. Stephanie Crookston is an aircraft scheduler employed by Defendant for nearly four years. She submitted a request for a religious exemption which Defendant denied. Ms. Crookston has filed a complaint with the EEOC due to Defendant's actions.

21. Andy Ruegg is an aircraft mechanic who has been employed with Defendant for seven years. He submitted a request for a religious exemption which Defendant denied. See, for example, Exhibit 4, Ruegg Denial Letter. Mr. Ruegg has filed a complaint with the EEOC due to Defendant's actions.

22. Megan Morr is a senior analyst of procurement operations who has been employed with Defendant for eight years. She submitted a request for a religious exemption which Defendant denied. Ms. Morr has filed a complaint with the EEOC due to Defendant's actions.

23. Christopher Conrad is a director of procurement who has been employed with Defendant for seven years. He submitted a request for a religious exemption which Defendant denied. Mr. Conrad has filed a complaint with the EEOC due to Defendant's actions.

24. Joseph Adams is an aircraft mechanic who has been employed with Defendant for eight years.  He submitted a request for religious exemption which Defendant denied.  Mr. Adams has filed a complaint with the EEOC due to Defendant's actions.

## DEFENDANT

25. The J.M. Smucker Company is an American manufacturer of jam, peanut butter, jelly, fruit syrups, beverages, shortening, ice cream toppings, and other food products in North America. Defendant is headquartered in Orrville, Ohio.

## FACTUAL ALLEGATIONS

### A.  The COVID-19 Pandemic and Response

26. By spring 2020, the novel coronavirus commonly known as COVID-19 spread world-wide.

27. Since then, at least three separate COVID-19 injections have been developed and authorized for emergency use in the United States. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech messenger RNA injection on December 1, 2020. One week later, the FDA issued a second EUA for the Moderna mRNA Covid-19 injection. Finally, the FDA issued an EUA for the Johnson & Johnson covid-19 injection on February 27, 2021.

28. On August 23, 2021, the FDA issued full approval for the Pfizer injection called Comirnaty for individuals 16 years of age and older. Pfizer's EUA also remains in place.

29. To date, the FDA has not issued any other injection approvals.

30. Upon information and belief Comirnaty is not available to the general public in the United States.

### B.  Defendant's Mandates

31. On or about September 10, 2021, Defendant announced all employees must get a covid-19 injection.

32. When Defendant announced the mandate, it stated that employees could request accommodations for religious or health reasons.

33. Under Defendant's mandate, salaried employees must be "fully vaccinated" by December 16, 2021 or they will be placed on "unpaid leave" as of December 16, 2021 and through the end of January 2022 at which point Defendant "will revisit whether the accommodation has been effective, remains reasonable, and if still needed, whether the company can continue to

accommodate an unpaid leave without undue hardship, and/or whether preferable alternative reasonable accommodations are available. Employees will be contacted prior to the end of their leave." See Exhibit 5, "Unpaid Leave of Absence FAQs."

34. "Unpaid leave" is the only "accommodation" Defendant has considered. Defendant has denied all of Plaintiffs' religious exemption requests.

35. "[L]eave without pay differs very little from termination." *Love v. City of Dallas*, No. 3:96-CV-0532-R, 1997 WL 278126, at *6 (N.D. Tex. May 14, 1997).

36. A period of 37 days, for example, has been held by the Supreme Court of the United States to be an "adverse employment action." See *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 72 (2006).

37. Defendants are taking these actions according to the mandates and guidance set forth by the Federal Government; Defendants, though private entities, are federal actors for the purposes set forth herein.

**C.  Federal law prohibiting religious and disability discrimination and retaliation**

38. The First Amendment and RFRA prohibit burdening the free exercise of religion.

39. Section 564 of the FDCA prohibits coercing the use of emergency authorized "vaccines."

40. Title VII prohibits Defendants from discriminating against employees based on religion. This "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's . . .religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000eJ).

41. In other words, "[a]n employer has the statutory obligation to make reasonable

accommodations for the religious observances of its employees but is not required to incur undue hardship." *Weber v. Roadway Express,* 199 F.3d 270, 273 (5th Cir. 2000).

42. Title VII also prohibits Defendant from retaliating against employees for engaging in protected activity. *See Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 319 (5th Cir. 2004).

43. Similarly, under the ADA, Defendant may not discriminate against a qualified individual on the basis of disability.

44. Such discrimination includes "fail[ing] to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless . . . the accommodation would impose an undue hardship.'" *Feist v. Louisiana*, 730 F.3d 430, 432 (5th Cir. 2013).

45. Additionally, the ADA makes it unlawful to retaliate against an employee for seeking an accommodation. See 42 U.S.C. § 12203(a).

46. Although Defendant permitted employees to apply for a religious or medical disability exemption and reasonable accommodation, and though the Plaintiff employees did so apply, Plaintiffs' requests were not given due consideration.

47. Defendant failed to engage these employees in any discussion regarding reasonable accommodations.

48. These employees have been advised that they are subject to disciplinary action if they are not "fully vaccinated" by December 16, 2021, and that they will be placed on unpaid leave as of that date.

**COUNT I**
**Violation of the Free Exercise Clause**
**of the First Amendment to the United States Constitution**
**and religious discrimination and retaliation, failure to accommodate**
**(Asserted under 28 U.S.C. § 2201, et seq., and Title VII, 42 U.S.C. § 2000e, *et seq*.)**

8

49. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

50. The Free Exercise Clause of the First Amendment to the United States Constitution prohibits the federal government from abridging Plaintiffs' rights to free exercise of religion. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits states from abridging Plaintiffs' rights to free exercise of religion.

51. Plaintiffs have sincerely held religious beliefs that prevent them from receiving the covid-19 injections.

52. Plaintiffs engaged in protected activity when they requested (or wanted to request) religious accommodations from Defendant's injection mandate.

53. Defendant responded to Plaintiffs' protected activity by giving the employees the false choice between injection and effective termination.

54. As shown above, Defendant is a governmental actor. Its actions as set forth herein were all undertaken in accordance with policies, practices, customs, and procedures created, adopted, and enforced under color of federal law. Alternatively, Defendant's actions as set forth herein were all undertaken in accordance with policies, practices, customs, and procedures created, adopted, and enforced under color of state law.

55. Defendant's refusal even to attempt to genuinely accommodate Plaintiffs after purporting to entertain their requests for exemptions discriminates against Plaintiffs due to their sincerely held religious beliefs by forgoing any meaningful interactive dialog and by imposing harsh and punitive conditions on them solely because they have sought religious exemptions from the mandate.

56. While Plaintiffs were engaged in a meeting, which was akin to an interrogation, after requesting their exemptions, Defendant's agents made no mention of accommodations nor

inquired as to whether reasonable accommodations could be put in place. The conversation was aimed at disparaging Plaintiffs' religious belief.

57. By failing to engage in a meaningful interactive process or offer any reasonable accommodation, Defendants' discriminatory actions were intentional and/or reckless and in violation of Title VII.

58. Defendant's actions impermissibly burden Plaintiff's sincerely held religious beliefs, compel them to abandon their beliefs or violate them under coercion, and force Plaintiffs to choose between their religious convictions and their continued employment.

59. Defendant's actions strip Plaintiffs of the right to religious exemption by subjecting them to unduly harsh and punitive measures, including placing them on indefinite leave without pay, denying them benefits, opportunities for pay raises or bonuses, and constructively discharging them.

60. Defendant's actions place Plaintiffs in an irresolvable conflict between compliance with the mandate and their sincerely held religious beliefs.

61. Defendant's actions put substantial pressure on Plaintiffs to violate their sincerely held religious beliefs or face loss of their jobs, professional standing, reputations, and the ability to support their families.

62. There is no legitimate, rational, or compelling interest in Defendant's exclusion of exemptions and accommodations for sincerely held religious beliefs, especially given the following facts: (a) those exempted for reasons of "health" are no less susceptible of contracting and spreading Covid (the prevention of which is the very reason for the vaccine mandate) than those who would be exempted for reasons of religion; (b) the available Covid-19 vaccines are clearly failing to prevent transmission or infection, so that "booster shots" are now being promoted;

(c) even the vaccinated must continue to wear masks as if they were not vaccinated because they can still be infected or infect others; (d) naturally immune persons who have recovered from Covid have superior immunity and do not need vaccination; (e) vaccinating naturally immune people may harm them by causing a hyper-immune response; and (f) some Plaintiffs and many others not before the Court have been working from home for many months, for whom accommodation would cost Defendant nothing.

63. Defendant's denial of genuine accommodations is not the least restrictive means of achieving a government interest, which could be achieved by the protective measures such as masking and testing, and by allowing those working from home to continue doing so.

64. Plaintiffs' religious beliefs and protected activity were the causes of Defendant's adverse employment action.

65. Defendants' actions have caused, are causing, and will continue to cause irreparable harm and actual and undue hardship to Plaintiffs by forcing Plaintiffs to choose between violating their sincerely held religious beliefs or losing their jobs.

66. By retaliating against plaintiffs for engaging in protected activity, Defendants violated Title VII. This violation harmed and continues to harm Plaintiffs.

67. Plaintiffs have filed, or attempted to file,[3] charges with the EEOC complaining of these retaliatory actions. This Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process. See *Drew v. Liberty Mut. Ins. Co.*, 480 F.2d 69, 72 (5th Cir. 1973).

---

[3] The EEOC filing portal has been malfunctioning.  When functioning, dates for initial interviews are being scheduled for as late as March 2022.

68. Plaintiffs have no adequate remedy at law to prevent the continuing violation of their constitutional liberties and sincerely held religious beliefs. Plaintiffs require declaratory and injunctive relief to protect their federally protected right to free exercise of religion.

## COUNT II
### Violation of the EUA Statute
### (Asserted Under 21 U.S.C. § 360bbb-3)

69. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

70. The injections available to the general public in the United States are only available under EUAs and are thus subject to the requirements of 21 U.S.C. § 360bbb-3.

71. Under 21 U.S.C. § 360bbb-3, recipients of vaccines available under EUAs must have the right "to accept or refuse administration of the vaccines."

72. **There can be no element of coercion in one's decision of whether to take or forego any "vaccine" that is only authorized for emergency use.**

73. Defendant's mandate strips from its employees the right to refuse the EUA "vaccines."

74. Defendant's mandate is therefore unlawful under 21 U.S.C. § 360bbb-3.

## COUNT III
### Declaratory Judgment Act
### (28 U.S.C. § 2201, et seq.)

75. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

76. As described above, an actual controversy exists between the parties about the legality of Defendant's conduct toward Plaintiffs and other of Defendant's employees.

77. A declaratory judgment is necessary and appropriate as it would serve a useful purpose in clarifying and settling the legal issues between the parties and thereby afford relief from the uncertainty and controversy giving rise to this proceeding.

78. Plaintiffs will suffer significant and irreparable harm unless this Court intervenes.

## COUNT IV
### Injunctive Relief

79. By reason of Defendant's actions, plaintiffs will suffer actual and irreparable injury.

80. Plaintiffs have no adequate or speedy remedy at law.

81. No third party will be unjustifiably harmed if an injunction is granted prohibiting enforcement of the Mandate.

82. The public interest will be served by prohibiting enforcement of the Mandate.

83. Plaintiff's personal health concerns will be protected by injunctive relief.

### PRAYER FOR RELIEF

Plaintiffs request that the Court:

a.  Declare Defendant violated the First Amendment of the United States Constitution, Plaintiffs' rights to bodily autonomy and rights to decline medical treatment, and the EUA Statute by denying Plaintiffs' requests for religious exemptions and coercing them to take emergency authorized injections.

b.  Declare Defendant violated Title VII by failing to engage in a meaningful interactive process in response to requests for accommodations to its covid-19 injection mandates.

c.  Declare Defendant violated Title VII by discriminating against employees by failing to provide reasonable accommodations to their covid-19 injection mandates.

d.  Declare Defendant violated Title VII by retaliating against employees who engaged in protected activity.

e.  Issue a temporary restraining order and/or preliminary injunction, see *Drew,* 480 F.2d at 72, followed by a permanent injunction, enjoining Defendant from terminating or placing on indefinite unpaid leave any employee who has a religious basis for seeking an accommodation. The Court should enjoin such actions until Defendant completes the

interactive process for employees who request an accommodation and Defendant has granted reasonable accommodations as required by federal law.

f.  Award Plaintiffs, and those similarly situated, damages including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages as applicable.

g.  Award Plaintiffs reasonable attorneys' fees and costs.

h.  Grant any other relief that the Court deems just, proper, and equitable.

i.  Under Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues upon which there is a federal right to a jury trial.

Respectfully Submitted,

/s/Warner Mendenhall
Warner Mendenhall (0070165)
Brian Unger (0096884)
Mendenhall Law Group
190 North Union St., Suite 201
Akron, OH 44304
330.535.9160; f 330.762.9743
warner@warnermendenhall.com
brian@warnermendenhall.com
Attorney for Plaintiffs

## JURY DEMAND

A trial by jury is demanded for all issues so triable in this case.

Respectfully Submitted,

/s/Warner Mendenhall
Warner Mendenhall

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST
OF MY INFORMATION AND BELIEF

*David A. Ciraci*
David A Ciraci (Dec 15, 2021 11:45 EST)

Dec 15, 2021

Name                                                          Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF

_Paula H_ _____

Dec 15, 2021 _____

Name

Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF

Stephanie Crookston (Dec 15, 2021 11:45 EST)

Dec 15, 2021

Name

Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST
OF MY INFORMATION AND BELIEF

Andrew S Ruegg (Dec 15, 2021 11:19 EST)

Dec 15, 2021

Name                                              Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST
OF MY INFORMATION AND BELIEF

Megan L. Morr (Dec 15, 2021 11:17 EST)

Dec 15, 2021

Name

Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING
VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST
OF MY INFORMATION AND BELIEF

Christopher Conrad (Dec 15, 2021 10:18 CST)

Dec 15, 2021

Name                                              Date

I HEREBY STATE AND AFFIRM THAT I HAVE READ THE FOREGOING VERIFIED COMPLAINT AND THAT IT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION AND BELIEF

*joseph m adams*
joseph m adams (Dec 15, 2021 12:05 EST)

Dec 15, 2021

Name                                                    Date