**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| David Ciraci, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 5:21-cv-02347-JRA |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| The J. M. Smucker Company, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant J. M. Smucker Company's motion to dismiss (Doc. 14). Both parties have fully briefed the motion. The motion to dismiss is GRANTED.

I.  Motion to Dismiss Standard

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41,

    45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard. " *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, " a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

  If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

  The Court need accept only the complaint's well-pleaded factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

II.        <u>Factual Background</u>

Defendant, the J.M. Smucker Company, is a manufacturer of food products with over 100 employees. On September 9, 2021, President Biden issued an executive order which required federal contractors with over 100 employees "to provide adequate COVID-19 safeguards to their workers." On September 10, Mark Smucker, the Chief Executive Officer of Defendant, circulated a message which stated that Defendant had an expectation from all its employees to be fully vaccinated in the months ahead. On October 11, 2011, Mark Smucker circulated another message to his employees stating that going forward vaccination is a requirement and a condition of employment. Employees who failed to comply with the vaccination requirement by December 15, 2021, would be terminated effective the same date unless the employee requested and was granted a medical or religious exemption. Plaintiffs, all Smucker employees, requested and were denied a religious exemption under Smucker's vaccine policy. Because they failed to comply with Defendant's vaccine mandate by December 15, 2021, their employment with Defendant was terminated.

Plaintiffs concede that their Title VII (Count I) claim and their federal Emergency Use Authorization statute (Count II) claim should be dismissed. Plaintiffs request that Title VII claim be dismissed without prejudice. As a result, the only claim left for the Court to analyze is Plaintiff's Free Exercise claim in Count I. Plaintiffs allege that Smucker is a state actor and as such violated their freedom of religion right by denying them an exemption from the COVID-19 vaccine mandate implemented by Smucker.

Defendant seeks to dismiss Count I claim that alleges that Defendant violated plaintiffs' Free Exercise Clause of the First Amendment of the United States Constitution.

III.	State Actor Under Free Exercise Clause of the First Amendment

For Plaintiffs to succeed on their Free Exercise Clause of the First Amendment claim, they need to establish first that Smucker is a state actor. For purposes of this motion, Plaintiffs' allegation that Defendant implemented the COVID-19 vaccination mandate in response to the President's executive order is accepted as true.

A private entity is not subject to constitutional constraints except in a few limited circumstances, for example: (1) "when the private entity performs a traditional, exclusive public function;" (2) "when the government compels the private entity to take a particular action;" (3) "when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019).

Here, Plaintiffs allege that Defendant is a federal actor because it acted pursuant to "policies, practices, customs, and procedures created, adopted, and enforced under color of federal law." Without more facts, this allegation is conclusory and does not plead enough facts to place it in any of the exceptions listed above. Plaintiffs do not allege that vaccination is a traditional and exclusive public function. Plaintiffs do not allege that Defendant was compelled to implement the vaccination mandate. And lastly, the complaint does not allege that Defendant acted jointly with the government.[1] Accordingly, Plaintiffs failed to overcome the threshold issue of alleging enough facts to show that Defendant is a state actor.

---

[1] The Court notes; "The fact that the executive branch has made a statement that certain companies must implement a vaccine mandate in exchange for receipt of federal reimbursement dollars doesn't convert [a private entity] into a state actor. Nor does the receipt of government funding." *Beckerich v. St. Elizabeth Med. Ctr.*, No. CV 21-105-DLB-EBA, 2021 WL 4722915, at *1 (E.D. Ky. Sept. 30, 2021). Similarly, "[u]nder the state compulsion test, state acts compel a private actor to comport with relevant laws, rendering the private actor a state actor. *Id*. at 1130–31. [Plaintiffs have] not alleged that [Smucker] is compelled by law to impose its Covid-19 measures." *Anderson v. United Airlines, Inc.*, No. 3:21-CV-1050-TJC-LLL, 2021 WL 6337144, at *5 (M.D. Fla. Dec. 30, 2021)

IV. Conclusion

For the reasons stated above, Plaintiffs failed to plead that Defendant is a state actor for constitutional purposes. Defendant's motion to dismiss is granted. The matter is hereby dismissed. Plaintiffs' Title VII claim is dismissed without prejudice.

IT IS SO ORDERED.


Dated: April 20, 2022                                    /s/ Judge John R. Adams
                                                         JUDGE JOHN R. ADAMS
                                                         UNITED STATES DISTRICT COURT